PITTMAN, Judge,
dissenting.
I concur in Judge Thompson’s dissenting opinion. In exercising its jurisdiction in 2001 to adjudicate the paternity of the child, the Madison Juvenile Court simultaneously exercised its jurisdiction to award custody of the child to the mother subject to the father’s visitation rights. See Ala. Code 1975, § 26-17-14(d) (providing that a paternity judgment may contain terms “concerning ... the custody of the child”); see also Ala.Code 1975, §§ 12-15-30(b)(1) (providing that juvenile courts may determine custody of children otherwise before the court). The jurisdiction obtained by the juvenile court “in the case of a child” is, under Ala.Code 1975, § 12-15-32(a), *195 “retained by [the juvenile court] until the child becomes 21 years of age unless terminated prior thereto by order of the judge of the juvenile court.”[8] Because the juvenile court’s jurisdiction over the child’s custody has not been so terminated, it could adjudicate the grandparents’ visitation petition.

. Of course, a juvenile court in a particular county may cease to be the proper venue after a judgment "in the case of a child” has been rendered; however, in that event, a proceeding falling within the retained jurisdiction of the juvenile court may be transferred to the appropriate venue. See generally Ala.Code 1975, §§ 12-15-35 et seq.; Rules 82(d) and 82(dc), Ala. R. Civ. P.; and Rule 1(A), Ala. R. Juv. P.